THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HENRY SPINKS, Appellant.

Third Department, December 1, 1971.

*John S. Hall* for appellant.

*Robert J. Nolan, District Attorney,* for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the County Court of Warren County, rendered April 27, 1970, upon a verdict convicting defendant of the crimes of burglary in the first degree, rape in the first degree and grand larceny in the second degree.

The victim of the crimes, a 66-year-old widow, was in her home alone on the night of November 16, 1967. Responding to a knock at her front door, she was confronted by a young man holding a pistol. He was wearing a bandana over his face and glasses covering his eyes so that all she saw was his hair, ears and forehead. After ransacking the house, the intruder forcibly raped the woman and escaped with her car. Three days later, after a high speed chase in Vermont, the car crashed into guardrails, and the driver fled the scene. Appellant was shot and apprehended a short distance away. Subsequent examination of the vehicle disclosed a handgun and ammunition, glasses like those used by the thief, articles taken from the complainant's home and a shirt marked with the name " J. Spinks ". Four fingerprints matching those of appellant were found on the rearview mirror.

Appellant's first point is that he did not have a fair trial before an impartial jury and in furtherance of this argument he makes several contentions. First, he alleges that undue and prejudicial publicity had so pervaded Warren County that an impartial jury could not be selected. We have previously considered and denied this contention when appellant's motion for a change of venue was argued before us. On the instant record, we cannot say that the trial court abused its discretion in refusing to grant a change of venue (see *People* v. *Genovese,* 10 N Y 2d 478, 482). There was no offer of evidence by way of testimony or exhibits illustrating the type of activity in the press or radio that is a proper basis of this contention (*People* v. *Di Piazza,* 24 N Y 2d 342, 347–348).

Secondly, appellant contends that during the time the jurors were being impaneled they were exposed to one who had served on the Grand Jury which had indicted the defendant. When it became apparent in *voir dire* that the prospective juror had sat on the Grand Jury, she was immediately excused by the court. Appellant does not allege that this grand juror discussed the facts of the case with any other member of the panel. Since defense counsel failed to question the jurors in the panel as to what, if anything, they had discussed with the grand juror, the denial of the defense motion to dismiss the jury was a proper exercise of discretion by the trial court.

Appellant next contends that it was error to grant the District Attorney's motion to dismiss the plea of "not guilty by reason of insanity". Appellant pleaded "not guilty by reason of insanity" but on the trial called no expert witnesses nor did he present any evidence of mental derangement.

Although the prosecution is required to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the crime, the presumption of sanity enables the prosecution to establish a prima facie case against the defendant without introducing evidence of his sanity. The burden of coming forward with evidence of insanity is upon defendant (*People* v. *Egnor,* 175 N. Y. 419). Thus, we must conclude that the defense of insanity was not "raised" at the trial by defendant (Penal Law, § 25.00).

Appellant also argues that the evidence was insufficient as a matter of law. The thrust of this argument is that the in-court identification of the appellant by the complainant was so incredible that it was unworthy of belief, based as it was on her brief encounter with her assailant. While it is true that the complainant saw her masked attacker for only a few seconds, her

testimony was not incredible as a matter of law. It was a matter for the jury to decide, based on the credibility of complainant's testimony. (*People* v. *Seppi*, 221 N. Y. 62, 68; *People* v. *Festa*, 9 A D 2d 556.)

Appellant urges that the in-court identification was tainted by pretrial exposure of the complaining witness to police mug-book photographs. We find no support in the record that the police employed improper tactics in connection with the identification of the photographs. Nor is there merit to appellant's contention that he was entitled to the presence of counsel when the complainant was shown the mug-books. There is no right to the presence of counsel in photograph identification procedures (*People* v. *Coles*, 34 A D 2d 1051; see, also, *Simmons* v. *United States*, 390 U. S. 377).

Appellant next contends that the testimony of Detective Lieutenant Preston as to an allegedly inculpatory and incriminating statement by defendant was erroneously permitted into the record and constituted prejudicial error. This contention is without merit since no objection to the prosecutor's question was made by defendant (see *People* v. *De Renzzio*, 19 N Y 2d 45, 50–51).

Appellant further contends that there was insufficient evidence of corroboration of rape. As the Court of Appeals said in *People* v. *Masse* (5 N Y 2d 217, 219) : '' The ' other evidence ' required by law must be of the character that tends to establish first, that the crime of rape was committed, and, second that the defendant was the one who committed the crime (*People* v. *Terwilliger*, 74 Hun 310, affd. on opinion below 142 N. Y. 629; *People* v. *Downs*, 236 N. Y. 306; *People* v. *Croes*, 285 N. Y. 279).

'' The supporting evidence may come in many forms, including admissions and circumstantial evidence.'' In this case there is circumstantial evidence supporting the identification and testimony of the complainant and medical testimony corroborating the physical act of intercourse. The circumstantial evidence is as follows: the perpetrator of the rape stole the victim's car; the car was seen, chased and recovered in Vermont; it contained four of appellant's fingerprints and a shirt with his name on it; appellant was captured near where the car crashed. From these facts it was reasonable for the jury to infer that this defendant was the perpetrator of all three crimes charged, including the rape (*People* v. *Bravender*, 35 A D 2d 1035; *People* v. *Duegaw*, 34 A D 2d 1043).

Appellant further argues that the trial court's admonition to the jury about the newspaper accounts of the trial was insuffi-

cient. Defense counsel requested a special instruction to the jury to the effect that the jurors be told not to accept the newspaper and radio accounts as accurate or true. The court gave an instruction upon this request which was not only responsive to counsel's request, but also eminently fair and clear. We find no support for appellant's contention that the jurors actually had prejudicial newspaper accounts in the jury room during their deliberations. The general rule in New York is that a juror is not competent to impeach his own verdict (*People* v. *Sprague,* 217 N. Y. 373). Moreover, the offer to produce a juror to testify and impeach the verdict was clearly improper (Richardson, Evidence [9th ed.], § 423). Since the newspaper article that was allegedly taken into the jury room was never presented to the court and no supporting affidavits of jurors were presented when the posttrial motion was made, the denial by the trial court of appellant's request for a hearing into the jury's deliberations was a matter for the sound discretion of the court.

Appellant asserts that the court's charge to the jury was inaccurate, incorrect and confusing. Although the charge is attacked in its entirety, the only segment thereof which is vulnerable is that dealing with corroboration, and on that subject defense counsel's only request for clarification was granted. We find no error in the charge sufficient to warrant reversal.

The remainder of appellant's contentions has been examined and found to be without merit.

The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Judgment affirmed.