Jack Rosenberg, J.
Based upon the facts presented and for the reasons hereinafter outlined, this motion for an order directing the defendant herein to submit to procedures necessary to have dental impressions and a model made of his teeth, is granted.
The defendant herein was arrested on February 14, 1975 and charged with homicide. After arraignment in the Criminal Court the case was subsequently waived to the Grand Jury which resulted in an indictment being filed on April 29, 1975.
This motion was previously submitted to this court while this matter was still under investigation by the Grand Jury, but was withdrawn prior to a decision by the court.
The People by renewal of this motion, contend that the results of these tests will materially aid in the determination *501 of this case, and in light of the minor intrusion on the defendant’s person, should be granted.
The standards by which a State can conduct reasonable Fourth Amendment searches of this type are set forth in Schmerber v California (384 US 757). In Schmerber the court upheld the taking of a blood sample from a defendant to be used as evidence against him, over the objection of the defendant, who was in custody at the time. The court held that such evidence was admissible and did not violate the constitutional privileges against self incrimination and unreasonable search and seizure.
The court in Schmerber (supra, p 764) stated that: "federal and state courts have usually held that [the privilege] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications’ or 'testimony,’ but that compulsion which makes a suspect or accused the source of 'real or physical evidence’ does not violate it.”
The court in Schmerber does however, delimit the power to compel an individual to submit to such physical compulsion to minor instrusions barring substantial intrusions into an individual’s body such as that involved in Rochin v California (342 US 165) in which the police used a stomach pump.
In an effort to determine whether the instrusion here sought, the obtaining from defendant of a dental impression to identify the source of bite marks is substantial or minor, this court has examined the following cases: People v Longo (74 Misc 2d 905 [defendant required to submit to blood test and examination of his scalp hair, facial hair and pubic hair and to have samples taken therefrom]); People v Falco (67 Misc 2d 520 [compelled to stand in a lineup]); People v Smith (80 Misc 2d 210 [court refused to order operation to remove bullet in murder investigation, which called for major surgery but stated that such operation might be ordered where it, did not present any risk to life of defendant]); People v Robinson (27 NY2d 864 [blood test]); Rochin v California (342 US 165, supra [use of stomach pump violated defendant’s rights]); Blackford v United States (247 F2d 745 [Circuit Court of Appeals upheld forced manual examination of defendant’s rectum for narcot *502 ics]); and Brent v White (398 F2d 503, cert den 393 US 1123 [penis scraping permitted]).
It is the court’s conclusion that the taking of such dental impressions is simply a form of obtaining real or physical evidence which in no way violates the Fourth or Fifth Amendment privilege against unreasonable searches or seizures nor against self incrimination. Nor does it involve the defendant’s constitutionally protected right to determine his physical appearance (Breen v Kahl, 419 F2d 1034, cert den 398 US 937; Bishop v Colaw, 450 F2d 1069; Arnold v Carpenter, 459 F2d 939; Richards v Thurston, 424 F2d 1281; Crews v Cloncs, 432 F2d 1259, 1264). Neither does it involve such an investigation of the body as to violate fundamental standards of fairness (Rochin v California, 342 US 165, supra).