E. Leo Milonas, J.
The defendant was indicted on June 21, 1976 for the crimes of reckless endangerment in the first degree, criminal mischief in the fourth degree and discharge of a firearm, in violation of sections 120.25 and 145.00 of the Penal Law and section 436-5.7c of the Administrative Code of the City of New York. In the course of pretrial motions, the court granted the People’s petition for an order directing the defendant to submit to the taking of a voice exemplar. Defense counsel then moved for permission to attend the voice print identification procedure, a request which the prosecution opposes. It is the District Attorney’s contention that the presence of a defendant’s lawyer at a pretrial confrontation is required only where there is a high potential of suggestion inherent in the manner in which the witness views the suspect, as in a lineup. In the instant situation, the People argue, there is a minimal likelihood of prejudice since the witness is himself an attorney and a member of the District Attorney’s office, and, presumably, there is a distinction between a corporeal identification and the taking of a voice print.
The Fifth Amendment’s privilege against self incrimination extends only to evidence of a testimonial or communicative nature. It does not protect an accused from the compulsory display of measurable or identifiable physical characteristics. Thus, an individual can be forced to exhibit his body (Kirby v Illinois, 406 US 682; United States v Wade, 388 US 218), to furnish blood specimens (Schmerber v California, 384 US 757), and to supply handwriting (Gilbert v California, 388 US 263), or voice (United States v Dionisio, 410 US 1) exemplars. See, also, People v Rogers, 86 Misc 2d 868), People v Mineo (85 Misc 2d 919) and People v Allah (84 Misc 2d 500.) granting the People’s request for, respectively, defendant’s voice sample, palm prints and dental impressions.
On such occasions, there is no general right to counsel; it attaches only when the criminal action is at a "critical” stage. In United States v Wade (supra) the United States Supreme *197 Court distinguished between a pretrial lineup with its grave possibility of prejudice and such other preparatory procedures as the taking of fingerprints, blood specimens, clothing and hair. The latter, the court stated, were not critical stages since there was little risk that the absence of a lawyer would threaten the defendant’s right to a fair trial. See, also, Gilbert v California (supra), United States v Ash (413 US 300), People v Coles (34 AD2d 1051) and People v Spinks (37 AD2d 424) which held that the Sixth Amendment does not require that an attorney be allowed to observe a photographic array, even one conducted after indictment.
However, while there may be no violation of an accused’s constitutional rights in not having his lawyer present at all pretrial investigatory examinations, it is a frequently repeated proposition that once a criminal action has commenced, a defendant is entitled to the assistance of counsel at every stage of the proceeding against him. (People v Blake, 35 NY2d 331; People v Waterman, 9 NY2d 561; People v Di Biasi, 7 NY2d 544; People v Loiacono, 40 AD2d 856; People v Abdul Karim Al-Kanani, 31 AD2d 838, affd 26 NY2d 473; People v Shaver, 26 AD2d 735, app after remand 31 AD2d 673.) Certainly, this court perceives no reason why the defendant’s lawyer should not, if he chooses, be permitted to attend, strictly as a nonparticipant, the voice print identification. See People v Longo (74 Misc 2d 905) which permitted defense counsel to sit in on the removal of his client’s sample scalp, facial and pubic hairs. See, also, Matter of Lee v County Ct. of Erie County (27 NY2d 432) (right to counsel at pretrial psychiatric examination). A subsequent motion for suppression based upon an improperly suggestive voice identification is not inconceivable. In fact, in People v Singleton (83 Misc 2d 112) the court was confronted with that very issue and did, indeed, grant the defendant’s request for a hearing.
Consequently, the defendant’s motion is granted. The District Attorney is hereby ordered to notify counsel of the time and place of the identification so that he may be present.