■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LUDINGTON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 10, 1980, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant was charged in an indictment with three counts of robbery in the first degree. A store employee testified at the trial that while walking to a bank to make a night deposit she was threatened by an individual brandishing a knife and turned the money over to him. Two other witnesses testified that while this incident was taking place the defendant appeared to be pointing a gun at them. They also testified that after the individual took the money bag from the employee, he and the defendant ran away. Defendant was convicted of the crime of robbery in the first degree and sentenced to an indeterminate term of imprisonment with a maximum term of 18 years and a minimum term of 6 years.

This appeal ensued. Initially, defendant maintains that the trial court erred in refusing the jury's request for a written copy of section 20.00 of the Penal Law. Upon denying this request, the court read section 20.00 of the Penal Law and then stated that section 20.00 "provides that if an individual intentionally aids another person in the commission of a crime they are equally guilty under the law." At the time of trial, CPL 310.30 authorized the court to give to a jury such requested information or instruction as the court deemed proper. The statute was thereafter amended to allow the court under certain conditions to provide the jury with requested copies of texts of a statute (L 1980, ch 208, § 1, eff June 9, 1980). Under the present circumstances, however, we find no abuse of discretion by the trial court in refusing the jury's request for copies of section 20.00 of the Penal Law. Defendant also contends that the evidence as to his identification was insufficient. In our view, the testimony of the witnesses identifying defendant as a participant in the robbery was not incredible as a matter of law, and, consequently, it was a matter for the jury based on an assessment of the witnesses' credibility (People v Seppi, 221 NY 62, 68; People v Spinks, 37 AD2d 424, 426-427). Following a hearing, the court refused to preclude an in-court identification of defendant by the two witnesses who had made a previous pretrial identification. According to the testimony of the witnesses at the hearing, a police car containing defendant and another was driven to the scene of the crime approximately 10 to 20 minutes after the crime was committed and both identified defendant as a participant in the crime. Defendant argues that this procedure was unduly suggestive and tainted the in-court identification. We disagree. Examination of the record reveals that the prompt on-the-scene confrontation was not unduly suggestive so as to deprive defendant of due process of law and, therefore, the pretrial identification did not impair the later in-court identification (People v Smith, 38 NY2d 882; People v Blake, 35 NY2d 331, 336-337; People v Huggler, 50 AD2d 471). Finally, the imposition of the sentence was within the discretion of the sentencing court and we find no clear abuse of that discretion. Accordingly, the sentence will not be disturbed (People v Dittmar, 41 AD2d 788). We have examined defendant's remaining arguments and find them unpersuasive. The judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.