THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY FELDER, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 18, 1983, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

On the same night as the robbery involved herein, police officers arrested defendant and one other individual after the complainant pointed out these people to the officers. Complainant testified as to this identification at trial. When the prosecutor started to elicit testimony from one of the arresting officers concerning this out-of-court identification, the trial court sustained defense counsel's objections, told the prosecutor at a sidebar that this constituted an attempt to bolster the complaining witness's identification and warned him not to pursue this line of questioning. Following this, the prosecutor nonetheless

persisted in pursuing this line of questioning and thereby compounded the prejudice. After stating that the complainant had pointed out the two men as being his assailants, the officer testified that he "asked him if he was positive * * * these were the two people who had robbed him earlier in the evening". He then testified that the complainant made a response following which "we patted down both subjects, placed them in handcuffs, and removed them from the bar".

The testimony served to highlight the significance of complainant's identification. Even though his response was not admitted into evidence, the testimony left the jurors with the clear impression that he was particularly sure and that the arrests were made as a result of this response. This was very similar to the testimony in *People v Ross* (79 AD2d 666). Our comments there are equally applicable here. The "inevitable effect" of the testimony was "to impress in the minds of the jurors that the identification evidence was of such high reliability as to justifiably warrant prompt official police action. These improper questions were addressed to the witnesses for no other purpose than to obtain answers which would endow 'such proof with an undeserved aura of trustworthiness' (*People v Trowbridge*, 305 NY 471, 477)" (*People v Ross, supra,* p 667). Moreover, the testimony was elicited in blatant disregard of the trial court's warning.

Evidence of defendant's guilt rested solely upon the identification by the complainant, and "the evidence of [the perpetrator's] identity is [not] so strong that there is no serious issue upon the point" (*People v Caserta,* 19 NY2d 18, 21). This testimony therefore deprived defendant of a fair trial.

The court's decision to allow the prosecution to cross-examine defendant as to a previous assault conviction was a proper exercise of its discretion (*People v Pavao,* 59 NY2d 282).

Our disposition of this case makes consideration of defendant's remaining points unnecessary. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.