■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BOWMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco,

J.), rendered February 1, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

We find that the trial court improperly permitted the arresting officers to testify on direct examination as to the complainant's identification of the defendant. It would appear that this testimony was not essential to any appropriate narrative of the events leading to the apprehension of the defendant, but, rather was elicited for the prime purpose of bolstering the complainant's identification testimony. Such testimony was in contravention of the rule articulated in *People v Trowbridge* (305 NY 471). The defendant did not attempt to demonstrate that the testimony of the complainant was a recent fabrication and therefore did not open the door to testimony which would otherwise be inadmissible as hearsay *(see, People v Barnes,* 93 AD2d 864, 865). Moreover, the evidence of the defendant's guilt rested solely upon the identification by the complaint *(see, People v Felder,* 108 AD2d 869) and, under the circumstances of this case, the error cannot be disregarded as harmless *(cf. People v Johnson,* 57 NY2d 969).

We note that all too frequently prosecutors are engaging in the questioning of police witnesses in order to improperly bolster identification testimony in violation of the *Trowbridge* rule *(see, People v Tugwell,* 114 AD2d 869; *People v Grubbs,* 112 AD2d 104; *People v Lee,* 109 AD2d 1066; *People v Williams,* 109 AD2d 906; *People v Felder,* 108 AD2d 869, *supra).* While in some cases these errors have either not been preserved or have been found harmless, we would admonish prosecutors to avoid such conduct, and would alert the trial courts to be vigilant in preventing the introduction of such testimony.

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.