■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANOUSOS PSILAKIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered December 18, 1987, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The People essentially concede that the trial court erred in convicting the defendant of criminal possession of a weapon in the third degree as a lesser included offense of criminal possession of a weapon in the second degree (see, People v Okafore, 72 NY2d 81, 89, n 3; People v McGriff, 123 AD2d 646). However, the defendant waived any objection to this error by focusing his argument on summation on the elements of the offense of criminal possession of a weapon in the third degree and characterizing it as a lesser included offense of criminal possession of a weapon in the second degree. Indeed, defense counsel conceded that the People had proved beyond a reasonable doubt that defendant's guilt of the "lesser included count" of criminal possession of a weapon in the third degree. Defense counsel retracted the concession only because he believed proof that the defendant did not possess a license to

carry a handgun was necessary to sustain a conviction of the offense of criminal possession of a weapon in the third degree and such proof was lacking. Implicit in defense counsel's actions was the expectation that criminal possession of a weapon in the third degree would be considered by the trial court in rendering a verdict. Accordingly, the issue was not preserved for appellate review *(see, People v Shaffer,* 66 NY2d 663, 665; *People v Ford,* 62 NY2d 275, 283; *People v Zocchi,* 133 AD2d 478).

The defendant next contends that in order to sustain his conviction of criminal possession of a weapon in the third degree, the People had the burden of proving beyond a reasonable doubt that he was not licensed to carry a firearm and that they failed to carry their burden. The plain language of Penal Law § 265.20 (a) (3) provides that section 265.02 of the Penal Law, under which the defendant stands convicted, does not apply to "[p]ossession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00 [of the Penal Law]". Pursuant to Penal Law § 25.00, the People have the burden of disproving an ordinary defense beyond a reasonable doubt. However, it is incumbent upon the defendant to go forward in the first instance, with evidence that he possesses an appropriate firearms license *(cf., People v Parker,* 52 NY2d 935, *revg on dissenting opn at App Div* 70 AD2d 387, 391-394; *People v Montgomery,* 106 AD2d 410), and, it is only after such evidence is introduced that the People bear the burden of disproving such defense. The defendant presented no proof that he possessed a firearms license issued pursuant to Penal Law § 400.00 and, accordingly, the People were not required to disprove the existence of a license.

Under the circumstances of this case and giving due consideration to the defendant's age and background, we do not find the sentence of one year to be an abuse of discretion nor are we inclined to substitute our discretion for that of the sentencing court *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.