■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER BLUE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered August 18, 1988, convicting him of robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

In this case based solely upon the identification testimony of a single witness, the defendant was deprived of a fair trial by testimony bolstering the identification by that witness. The complainant, who was the victim of a gunpoint robbery with which the defendant was charged, pointed the defendant out to the police as they canvassed the area surrounding the crime scene. On the basis of her identification, the police arrested the defendant. At trial, the complainant testified as to this identification. On the People's direct case, the prosecutor elicited testimony from the arresting officer that he arrested the defendant after the complainant had identified him and after ensuring that the complainant was certain of her identification. This testimony constituted a clear violation of the bolstering rule enunciated in *People v Trowbridge* (305 NY 471) and its progeny *(see, People v Holt,* 67 NY2d 819; *People v Vasquez,* 120 AD2d 757; *People v Felder,* 108 AD2d 869). The trial court sustained defense counsel's objection and ordered stricken the testimony of the officer as to the certainty of the complainant's out-of-court identification. Notwithstanding the court's order, the prosecutor pursued this line of questioning and compounded the error by asking the arresting officer how many times he had inquired of the complainant as to the certainty of her identification. The defense counsel's objection thereto was overruled. Thus, although the arresting officer's earlier testimony as to complainant's identification was not admitted into evidence, that testimony considered in combination with the latter response served to enhance the significance of the complainant's identification. Nor may the error be considered harmless under the facts of this case. The complainant's identification upon which the conviction is based was not "so strong that there is no serious issue upon the point" *(People v Caserta,* 19 NY2d 18,

21; *see, People v Perez,* 127 AD2d 707, 710-711; *People v Felder, supra).* Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.