■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN JONES, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at suppression hearing, jury trial and sentence), rendered August 25, 1988, convicting defendant of six counts of criminal possession of stolen property in the third degree (Penal Law § 165.50) and one count of criminal possession of stolen property in the fourth degree (Penal Law § 165.45) and which sentenced him, as a second felony offender, to six concurrent indeterminate terms of imprisonment of from 3½ to 7 years on the third degree possession counts and a concurrent 1½-to-3-year term on the fourth degree possession count, unanimously affirmed.

The suppression court correctly ruled that the police officers had probable cause to arrest defendant. They came upon defendant and his accomplices as they were stealing vehicles in a desolate area of Van Cortlandt Park and near a large van. Upon the officers' approach, the men fled. As the officers began pursuit, they ran past the vehicles and noticed that a number of them had been dismantled. These observations provided the requisite reasonable suspicion that defendant and his accomplices had been engaged in criminal activity so as to provide probable cause for their arrest. (People v Hicks, 68 NY2d 234, 238.)

Defendant's challenge to the court's charge, with respect to marshaling of the evidence and upon a claim of shifting of the burden of proof, was not preserved for review. (CPL 470.05 [2].) In any event, if we were to consider the arguments in the interest of justice, we would find them meritless. There was no Trowbridge error arising out of the police officers' testimony that another officer identified defendant after his apprehension. These statements merely served as a necessary narrative of events leading to defendant's arrest. (People v Bowman, 122 AD2d 849, 850.) Even if deemed error, it would be harmless in

view of the overwhelming evidence of guilt. *(See, People v Johnson,* 57 NY2d 969, 970.)

We have considered defendant's challenge to the sentencing court's exercise of discretion and find it to be meritless. His remaining contentions have, likewise, been considered and rejected. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.