■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WELCOME, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered June 11, 1990, convicting defendant, after a jury trial, of robbery in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent terms of imprisonment of 7½ to 15 years and one year, respectively, unanimously affirmed.

While the victim was unable to observe defendant's face during the robbery, her positive identification of his build, stature and clothing constituted sufficient proof of identity as a matter of law (Matter of Ryan W., 143 AD2d 435, 437; People v Spinks, 37 AD2d 424). Indeed, the defendant was apprehended within minutes of the crime, in close proximity thereto and in possession of complainant's camera.

The arresting officer's testimony corroborated the victim's testimony and "merely served as a necessary narrative of events leading to defendant's arrest" (People v Jones, 160 AD2d 333); it did not constitute impermissible "bolstering" within the meaning of People v Trowbridge (305 NY 471). In any event, defendant's bolstering argument is not preserved for review (People v Fleming, 70 NY2d 947; People v Bolling, 166 AD2d 203, lv granted 77 NY2d 836), but, even if it were, and assuming it to be meritorious, the evidence was more than sufficient to prove guilt beyond a reasonable doubt without the victim's in-court identification (People v Williams, 156 AD2d 302). Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.