■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARRERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered July 7, 1989, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 4:30 P.M. on November 3, 1988, the complainant was walking on 91st Street near the intersection of 35th Avenue in Jackson Heights, Queens, when a woman approached and asked him for a cigarette. The complainant offered the woman a cigarette and was helping her light it when he noticed a male approximately four or five steps to his left approaching with a screwdriver in his hand. The male was pointing the screwdriver towards the complainant. The complainant also noticed that the woman was holding a pair of silver scissors. The woman threatened to stick him with the scissors as she reached into his pocket and removed $75. The two perpetrators then ran up the stairs of a nearby building.

The complainant reported the crime to the police. Approximately 40 minutes later, while canvassing the neighborhood in an unmarked police car with several plainclothes officers, the complainant saw the defendant standing on a street corner. He immediately pointed out the defendant to the police as the male perpetrator. The police grabbed the defendant and placed him over the hood of their car. The defendant turned his head towards the complainant, who was sitting in the car, and said: "Tell them to let me go. You know I didn't have anything to do with that. Tell them to let me go. She's down there. She's down there. Look down the block. Look to your left". Upon looking in the direction indicated by the defendant, the complainant saw the female who had participated in the robbery.

During his direct examination, the complainant identified the defendant in the courtroom as the man he pointed out to the police officers on November 3, 1988. The prosecutor then asked: "Are you absolutely positive today that you're able to identify this [man] as being the same individual that robbed you?" The witness responded:

"I am 100 percent sure that when I made the identification in the police car that that is the same person. As time elapsed and so on I put my assurances at 80 percent today, not 100 * * *

"I have to say cause I seen since the incident, I've seen

several people that have looked similar to him, you know, with similar look, on the street in my neighborhood, et cetera, and on one occasion I saw somebody who I actually thought was him, but other than that, that's the reason for the difference then".

During cross-examination, the complainant conceded that he was no longer 100% certain the defendant was the robber. In response to the defense counsel's question whether he was uncertain the defendant robbed him on November 3, 1988, the complainant responded, "I am not 100 percent sure, but I am mostly positive that he is the person".

The defendant moved to preclude the arresting officer's testimony concerning the complainant's prior identification, contending it would constitute bolstering in violation of the rule enunciated in *People v Trowbridge* (305 NY 471). The court denied the motion, finding that third-party identification testimony was proper here because the complaining witness was not absolutely sure of his identification. On appeal, the defendant contends this ruling was erroneous and requires reversal.

We agree that the trial court improperly allowed third-party testimony concerning the prior identification *(see,* CPL 60.25). Central to the admissibility of such testimony is the fact that the witness cannot state "on the basis of present recollection" whether or not the defendant is the person who committed the crime *(see, People v Bayron,* 66 NY2d 77, 81). At the trial, the complainant was not 100% certain the defendant was the perpetrator, but he did not attribute his uncertainty to the lapse of time or a change in the defendant's appearance *(see, People v Cwikla,* 46 NY2d 434; *People v Nival,* 33 NY2d 391). Accordingly, it was improper to admit the third-party testimony by the arresting police officer which had the effect of bolstering the testimony that he was 100% certain when he made the prior identification *(see, People v Blue,* 155 AD2d 472; *People v Felder,* 108 AD2d 869; *cf., People v Ponton,* 90 AD2d 799). However, the evidence of identity here, including the defendant's inculpatory statement, is so strong that there is no substantial issue on the point *(see, People v Mobley,* 56 NY2d 584). Accordingly, we deem the bolstering error harmless *(see, People v Johnson,* 57 NY2d 969).

We have considered the defendant's remaining contentions and find them either to be without merit, to be unpreserved for appellate review, or to involve errors that are harmless

beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.