■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JENKINS, Appellant. [613 NYS2d 411] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered April 29, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion, which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On September 26, 1990, the complainant was robbed at knifepoint while walking along Schermerhorn Street near the vicinity of Clinton Street in Brooklyn. He observed the two men who had just robbed him enter a tan car with a woman in the back seat wearing a red jacket. Two police officers on routine motor patrol heard the complainant's screams and began pursuing the tan car. They broadcast a description of the getaway car over the police radio and several more police vehicles joined in the chase. The tan car was stopped by the police and four occupants, who attempted to escape in different directions, were apprehended. The complainant was brought by the police to the location where the defendant was being held and immediately identified the defendant as one of the men who had robbed him. The defendant was arrested and a watch belonging to the complainant was recovered from his pocket.

Initially, we reject the defendant's contention that the court was required to reopen the *Wade* hearing when, during trial, the complainant testified that the police advised him that they had caught the robbers prior to the showup identification. Under the circumstances presented here, we find that the statement by the police did not taint the identification procedure *(see, People v Rodriguez,* 64 NY2d 738). The record establishes that the complainant carefully identified only those individuals he was sure had been involved in the robbery. We note that he viewed another suspect prior to viewing the defendant and he told the police that the suspect had not been involved in the robbery. However, when he subsequently

viewed the defendant, he immediately and unequivocally identified him as one of the perpetrators.

The defendant's remaining contention that the court admitted third-party identification testimony without the foundation required by CPL 60.25 is not properly preserved because he failed to raise this specific argument at trial. We have nonetheless considered the contention, and while we find that a proper foundation for such testimony was lacking, the error was harmless in light of all the evidence properly admitted at trial *(see, People v Marrero,* 183 AD2d 728). Here, the defendant was apprehended soon after exiting the getaway car and was in possession of some of the proceeds of the robbery. The evidence of his guilt was overwhelming and the judgment of conviction should therefore be affirmed. Rosenblatt, J. P., Ritter, Goldstein and Florio JJ., concur.