■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WIDMER MARTE-NUESI, Appellant. [669 NYS2d 866] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered September 22, 1995, convicting him of criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

We agree with the defendant that the trial court erred by permitting a third party to testify as to the complainant's prior identification of the defendant as the perpetrator. The identification testimony from the complainant at trial was ambiguous, and there was no basis for the court to make a finding in accor-

dance with CPL 60.25 that the complainant could not identify the defendant on the basis of present recollection (*see*, CPL 60.25; *People v Quevas*, 81 NY2d 41; *People v Bayron*, 66 NY2d 77, 81). Nevertheless, the error in admitting this evidence was harmless in light of the overwhelming evidence of the defendant's guilt (*see*, *People v Jenkins*, 205 AD2d 642; *People v Marrero*, 183 AD2d 728).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.