■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GRAMBY, Appellant. [673 NYS2d 1014] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered May 13, 1996, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, where a witness is unable to recognize a defendant due to a lapse of time or change in appearance, the testimony of third persons " 'to whom the witness promptly declared his recognition on such occasion' (CPL 60.25 [1] [b]), is allowable as evidence-in-chief of identification" (*People v Bayron,* 66 NY2d 77, 81; *see also, People v Ponton,* 90 AD2d 799).

Furthermore, the defendant failed to preserve his claim that the nondisclosure of the 911 tape during the suppression hearing constituted a *Rosario* violation requiring a new hearing (*see,* CPL 470.05 [2]; *People v Rogelio,* 79 NY2d 843, 844; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). Once the existence of the *Rosario* material was disclosed in open court, it was incumbent upon counsel to seek a sanction, or else the claim is deemed abandoned (*see, People v Graves,* 85 NY2d 1024, 1027). In any event, there was no showing that the defendant was substantially prejudiced by the delay in turning over the tape (*see, People v Banch,* 80 NY2d 610). Even though trial proceedings had already commenced, defense counsel was able to cross examine the complainant and any other witnesses, and brought out several inconsistencies regarding the descriptions of the clothing worn by the defendant (*see, People v Farner,* 234 AD2d 561).

The defendant's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.