■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELTON WALTERS, Appellant. [749 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 8, 1998, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not preserve for appellate review his contention that the trial court erred in permitting a police offi-

cer to testify regarding the victim's prior out-of-court identification of the defendant as the perpetrator of the robbery without meeting the requirements of CPL 60.25 (*see* CPL 470.05 [2]; *People v Victor,* 271 AD2d 556). In any event, a proper foundation was laid for that testimony. The victim testified at the trial, which was held almost one year after the crime occurred, that "[i]t's been so long" that he could not recognize in the courtroom the person who robbed him. Further, the victim testified that he identified the perpetrator to the police immediately after the crime occurred, and that the person the police arrested was the person who robbed him. Thus, the police officer's testimony was admissible (*see People v Victor, supra; People v Gramby,* 251 AD2d 346).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either concern matter dehors the record and are not properly presented on direct appeal (*see People v Sacco,* 294 AD2d 452; *People v Bennett,* 284 AD2d 338), or are without merit. Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.