■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAIL BRANCH, Appellant. [762 NYS2d 418] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 16, 2001, convicting him of murder in the second degree (two counts), robbery in the first degree (three counts), robbery in the second degree, robbery in the third degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence of physical injury was legally insufficient to support the conviction of robbery in the second degree is unpreserved for appellate review because he never specifically raised this issue at trial (*see* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Mott,* 284 AD2d 348 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence of "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see* Penal Law § 160.10 [2] [a]) was legally sufficient to support the conviction of robbery in the second degree (*see People v Guidice,* 83 NY2d 630, 636 [1994]; *People v Mack,* 210 AD2d 70 [1994]; *People v Pope,* 174 AD2d 319, 321 [1991]).

The defendant's contentions that a detective's testimony regarding his lineup identification by one of the victims, as well as the testimony of another detective regarding a surveillance videotape identification of the defendant by a different victim, was improperly admitted because the People failed to establish the foundation required by CPL 60.25, are not preserved for appellate review (*see People v Gray,* 86 NY2d 10, 19-20 [1995]; *People v Walters,* 299 AD2d 377 [2002], *lv denied* 99 NY2d 621 [2003]; *People v George,* 292 AD2d 464, 465 [2002]; *People v Jenkins,* 205 AD2d 642, 643 [1994]). In any event, the testimony of the 88-year-old victim, who had viewed the lineup some 27 months before the trial, sufficiently satisfied the requirements of CPL 60.25 (*see People v Quevas,* 81 NY2d 41 [1993]; *People v Hernandez,* 154 AD2d 197 [1990]). Any error with respect to the admission of the detective's testimony of the surveillance videotape identification of the defendant by another victim (*see People v Patterson,* 93 NY2d 80 [1999]) was harmless in view of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Jenkins, supra*). Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.