THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHIA YEN YUN, Also Known as CHARLES YUN, Appellant. [826 NYS2d 367]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered June 1, 2000, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to establish his conviction of assault in the second degree because the boots he used to kick the complainant did not constitute a dangerous instrument within the meaning of Penal Law § 10.00 (13), and that it was physically impossible for him, seated in the driver's seat of his car, to have kicked the complainant, seated in the front passenger seat, are unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 20 [1995]; People v Padro, 75 NY2d 820, 821 [1990]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the boots were readily capable of causing serious physical injury in the way in which they were used and, thus, constituted a dangerous instrument (see Penal Law § 10.00 [13]; § 120.05 [2]; People v Carter, 53 NY2d 113 [1981]; People v Hansen, 267 AD2d 474 [1999]; People v Hansen, 203 AD2d 588 [1994]; Matter of Jason J., 187 AD2d 652, 653 [1992]). Further, the testimony described the kicking incident as occurring in a manner that was neither physically impossible nor incredible as a matter of law (see People v Garafolo, 44 AD2d 86, 88 [1974]).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]; *People v Gaimari,* 176 NY 84, 94 [1903]).

Although the prosecutor committed a *Rosario* violation (see *People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) by untimely furnishing a 911 tape that featured the complainant, who testified at trial, there was no showing that the defendant was substantially prejudiced by the delay (see *People v Banch,* 80 NY2d 610, 615-616 [1992]; *People v Rodriguez,* 269 AD2d 613 [2000]; *People v Gramby,* 251 AD2d 346, 347 [1998]; *cf. People v Mitchell,* 14 AD3d 579, 580 [2005]). Moreover, the defense counsel was afforded an opportunity to cross-examine the complainant and any other witnesses regarding the content of the 911 tape (see generally *People v Farner,* 234 AD2d 561 [1996]), and the trial court fashioned an appropriate remedy for the violation (see generally *People v Kelly,* 62 NY2d 516, 520-521 [1984]; *People v Civitello,* 287 AD2d 784, 785 [2001]; *People v Emery,* 159 AD2d 992, 993 [1990]).

The trial court properly admitted the statement in the complainant's hospital record that the complainant sustained an injury to her eye "after being punched," as the statement was relevant to the diagnosis and treatment of the complainant's injury (see CPLR 4518; *People v Dagoberto,* 16 AD3d 595 [2005]; *People v Baltimore,* 301 AD2d 610, 610-611 [2003]; *People v Goode,* 179 AD2d 676, 677 [1992]]).

The defendants' remaining contention is without merit. Goldstein, J.P., Spolzino, Skelos and Covello, JJ., concur.