■ In the Matter of JALEEL H., a Person Alleged to be a Juvenile Delinquent, Appellant. [828 NYS2d 500]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated January 19, 2006, which, upon a fact-finding order of the same court dated December 7, 2005, made after a hearing, finding that the appellant committed acts

which, if committed by an adult, would have constituted the crimes of robbery in the second degree, attempted robbery in the second degree, grand larceny in the fourth degree, attempted grand larceny in the fourth degree, assault in the third degree, attempted assault in the third degree, and menacing in the third degree, placed him on probation for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, since the period of placement has expired; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the findings that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree, attempted assault in the third degree, attempted robbery in the second degree, and attempted grand larceny in the fourth degree, and substituting therefor provisions dismissing those counts of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant argues on appeal that the presentment agency failed to lay the proper foundation pursuant to CPL 60.25 before eliciting the testimony of the arresting officer that the victim positively identified the appellant to him three times at the scene of the crime. This argument is unpreserved for appellate review (*see People v Branch,* 306 AD2d 537, 538 [2003]). In any event, the appellant explicitly waived any argument premised on CPL 60.25, when he conceded at the trial that the presentment agency had successfully laid the necessary foundation required by that statute to admit the officer's testimony (*see People v Spragis,* 5 AD3d 814, 815 [2004]; *People v Psilakis,* 148 AD2d 475, 475-476 [1989]).

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed the acts charged. Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

However, as the presentment agency correctly concedes, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree, the counts of the petition charging acts which, if com-

mitted by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the fourth degree should have been dismissed as lesser-included offenses (*see* CPL 1.20 [37]; 300.40 [3] [b]; *Matter of Eduardo D.-B.*, 18 AD3d 468, 469 [2005]; *Matter of Edward S.*, 80 AD2d 585, 586 [1981]). As the presentment agency further correctly concedes, since the count of the petition charging acts which, if committed by an adult, would have constituted the crime of assault in the third degree, accused the appellant of committing that crime against someone other than the person named in the petition, the counts charging assault in the third degree and attempted assault in the third degree should also have been dismissed. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.