The People of the State of New York, Respondent, 
against
Melvin Walters, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Shawn T. Kelly, J.), rendered November 13, 2013, after a nonjury trial, convicting him of attempted assault in the third degree, menacing in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Shawn T. Kelly, J.), rendered November 13, 2013, affirmed. 
Defendant's principal contention, that he was deprived of due process as a result of the prosecutor eliciting prior consistent statements of the complainant, which allegedly bolstered complainant's testimony, is partially unpreserved and, in any event, without merit. Rather than being received for its truth, this evidence was received for the legitimate, nonhearsay purpose of completing the narrative of events leading to defendant's arrest (see People v Welcome, 181 AD2d 628 [1992], lv denied 79 NY2d 1055 [1992]; People v Jones, 160 AD2d 333 [1990], lv denied 76 NY2d 790 [1990]; see also People v Tosca, 98 NY2d 660, 661 [2002]). Moreover, even if inferential bolstering had occurred, we would find it to be harmless in the context of this bench trial, where the court is presumed to decide a case based upon appropriate legal criteria (see People v Moreno, 70 NY2d 403, 406 [1987]), and given the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 24, 2017