People of the State of New York, Respondent,
against
Rory Friday, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered October 7, 2014, after a nonjury trial, convicting him of attempted assault in the third degree, attempted criminal obstruction of breathing or blood circulation, attempted endangering the welfare of a child, menacing in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Harold Adler, J.), rendered October 7, 2014, affirmed.
The verdict convicting defendant of attempted assault in
the third degree (see Penal Law §§ 110.00, 120.00[1]), attempted criminal obstruction of breathing or blood circulation (see Penal Law §§ 110.00, 121.11[a]), attempted endangering the welfare of a child (see Penal Law §§ 110.00, 260.10[1]), third-degree menacing (see Penal Law § 120.15) and second-degree harassment (see Penal Law § 240.26[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The evidence of defendant's physical altercation with his sixteen year-old stepdaughter, wherein he pushed her by the shoulders, grabbed one of her legs and pulled her ankle, knelt on her chest and grabbed her neck, was sufficient to establish that he acted with the mens rea required under the statutes.
Defendant's contention that he was deprived of due process as a result of the prosecutor eliciting prior consistent statements of the complainant from prosecution witnesses, which allegedly bolstered complainant's testimony, is partially unpreserved and, in any event, without merit. The evidence was received for the legitimate, nonhearsay purpose of completing the narrative of events leading to defendant's arrest (see People v Welcome, 181 AD2d 628 [1992], lv denied 79 NY2d 1055 [1992]; see also People v Tosca, 98 NY2d 660, 661 [2002]) and after defendant opened the door to such testimony by challenging the complainant's credibility (see People v Shortell, 155 AD3d 1442, 1445 [2017], lv denied 31 NY3d 1087 [2018]). Moreover, even if inferential bolstering had occurred, we would find it to be harmless in the context of this [*2]bench trial, where the court is presumed to decide a case based upon appropriate legal criteria (see People v Moreno, 70 NY2d 403, 406 [1987]), and given the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 28, 2019