OPINION OF THE COURT
Kaye, J.
Third-party testimony recounting a witness’s pretrial identification of defendants, while admissible at trial in situations where the witness cannot on the basis of present recollection identify defendants {see, CPL 60.25), is not rendered admissible by the witness’s refusal at trial to make an identification because of fear. The Appellate Division orders affirming defendants’ robbery convictions, which were founded on the inadmissible testimony of third parties, should therefore be reversed and a new trial ordered.
After visiting a sick friend in The Bronx late in the afternoon of May 26, 1982, complainant, Abraham Rodriguez — with $280 in cash in his back pocket — stopped at Mike’s Jackpot Bar where he drank several beers. He left the bar at about 3:30 a.m., and was accosted at a bus stop by four or five men, who forced him into a nearby courtyard. One of the assailants put a gun to his chest, while another held a knife to his back and robbed him of the cash and his house keys. When they had left, Rodriguez returned to the bar, where he borrowed two dollars from the bar manager, took a cab to the police station, and reported the incident.
Two police officers put Rodriguez in the back seat of a patrol car, and began searching the area. Rodriguez furnished no physical description of his attackers. After 15 minutes, he spotted three men standing together on the street and from the car identified two as the assailants. The officers placed the three under arrest, *80 but released the third after Rodriguez stepped from the vehicle, identified the two and told the officers the third had not been involved in the robbery. At the time of arrest, one of the two had $70 on his person, the other had no cash, and neither had a weapon.
At a pretrial Wade hearing a year later, Rodriguez refused to identify defendants as the assailants. When asked if he saw in court the men who had robbed him he answered, "Wait one moment, I cannot see them, absolutely none of them because they can see me another day and take away my life. Because my boss told me don’t do.” Again asked if he saw his assailants in the courtroom, Rodriguez responded: "No, I don’t know, I don’t want to see them.” The court denied defendants’ in limine motion to preclude introduction of the identification Rodriguez had made to the police officers at the time of arrest, holding that the evidence was admissible because Rodriguez’s refusal to make an identification was due to fear.
At a jury trial commencing the following day, identity was the crucial issue. The People’s direct case consisted of the testimony of Rodriguez and the two police officers. Rodriguez testified that the two men he had identified at the time of arrest were the ones who had robbed him, but he refused to identify defendants. Both on direct and on cross-examination, despite several instructions from the bench to respond to questions, Rodriguez refused even to look at defendants, repeatedly asserting, "I don’t want to even see them.” Over objection, both officers thereafter testified to Rodriguez’s identification of defendants at the time of arrest. Defendants testified in their own behalf, denying guilt, and also presented the testimony of the bar manager to the effect that Rodriguez consumed 10 beers and appeared intoxicated on the night of the robbery, that both defendants were in the bar from midnight until his return for cab fare, and that defendants had in fact alerted Rodriguez when his taxicab arrived.
Defendants were convicted of robbery in the first degree, convictions which the Appellate Division affirmed, one judge dissenting. The court noted that, while this was not the "ordinary case” where recognition of the identification witness has been dimmed by time passage or made difficult by changed appearance, here fear made it impossible for Rodriguez to identify defendants. This finding furnished the ground for admission of the officers’ testimony under CPL 60.25, and with this testimony there was adequate support for the convictions. The dissenter concluded that the complainant’s fear was not a proper basis for admission of the officers’ testimony, adding that in this case substantial doubt as to *81 identification arose from the evidence of complainant’s consumption of alcohol and the alibi testimony of a seemingly objective witness.
Since there was no identification of defendants without the testimony of the two police officers, admitted by the trial judge on the authority of CPL 60.25, we focus on the narrow legal question whether under the statute an eyewitness’s failure to identify defendants because he fears them allows admission of third-party testimony of an identification made by him at the time of arrest. We conclude that the statute does not permit introduction of this evidence.
The testimony of third parties recounting a witness’s prior identification is in general inadmissible to establish identification (see, People v Trowbridge, 305 NY 471). CPL 60.25, however, permits a witness to relate his own prior identification where he is "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question” (CPL 60.25 [1] [a] [in]), and also permits third parties who were present at that prior identification to testify that defendant is the person previously identified (CPL 60.25 [2]). Thus, where at the time of trial the eyewitness is unable to recognize the defendant, testimony of his own previous identification, as well as testimony of third persons "to whom the witness promptly declared his recognition on such occasion” (CPL 60.25 [1] [b]), is allowable as evidence-in-chief of identification.
Central to the admissibility of third-party testimony under CPL 60.25 is the fact that the witness cannot state, "on the basis of present recollection,” whether or not defendant is the person in question. (Contrast, Proposed Code of New York Evidence § 803 [a] [3]; § 804, and Federal Rules of Evidence rule 801 [d] [1] [C]; rule 804.) A witness who is able to identify defendant may relate his own prior identification of the same person, thus lending strength to his own in-court identification, but the added confirmatory testimony of third parties is not permitted (CPL 60.30).
CPL 60.25 has been applied in instances where the eyewitness has been unable to recognize defendant due to lapse of time or change in appearance (see, People v Cwikla, 46 NY2d 434, 444; People v Lagana, 36 NY2d 71, 74, cert denied 424 US 942; People v Nival, 33 NY2d 391, 394-395; People v Ponton, 90 AD2d 799, 799-800; see also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 60.25, 60.30, pp 501-503, 511-512; Staff Comment, New York State Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed New York *82 Criminal Procedure Law, § 30.30, at 67 [1967]), but has not previously been applied where, as here, the witness expresses fear of identifying defendants.
We decline to extend CPL 60.25 to the present situation because to do so would require us to read out of the statute the unambiguous legislative prerequisite that the witness be unable to make the identification "on the basis of present recollection.” As both lower courts found, an inability to recognize defendants decidedly did not account for Rodriguez’s failure to make the identification. By his repeated refusals to identify defendants because of fear of retribution, Rodriguez manifested not an inability to identify these defendants — a neutral fact — but the converse. In these circumstances, CPL 60.25 does not permit the introduction of confirmatory third-party testimony to buttress the evidence of a prior identification.
Accordingly, the orders of the Appellate Division should be reversed and a new trial ordered (CPL 470.20 [1]).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Alexander and Titone concur.
In each case: Order reversed and a new trial ordered.