■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BLACK, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered February 24, 1986, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to an indeterminate term of 2⅓ to 7 years in prison, reversed, on the law and the facts and in the interest of justice, and the case remanded for a new trial.

The complainant, the only witness to the robbery, never identified the defendant in court as one of the two persons who robbed him. The courtroom evidence of identification of the defendant violated CPL 60.25.

The complainant testified that on February 28, 1985, he was robbed by two men in a movie house in Manhattan. He returned to the movie house with police officers several minutes after the robbery and pointed out two persons, including the defendant, who were then arrested.

At the trial the complainant was never asked to identify the defendant or even asked if he could identify him. In addition, the Assistant District Attorney refused to stipulate that the complainant could not make an identification. The trial court then permitted the People to bring out, through a police officer, that the defendant was 1 of 2 persons the complainant pointed to as having robbed him when he returned to the movie house with police officers.

On the present state of the record, and particularly given the prosecutor's refusal to stipulate to the complainant's inability to identify the defendant, it is unknown what response the complainant would have made if asked if he could

identify anyone in the courtroom as one of the robbers. Whatever answer was given, the defendant was entitled to probe the complainant's recollection and have the jury weigh the issue of identification of the defendant in light of all of the identification testimony.

CPL 60.25 is specific as to when a person, other than an eyewitness, may give identification testimony in the courtroom. Before the police officer here could give such testimony, the complainant was required to testify (1) that he had observed the defendant at the time of the robbery, (2) that he had observed him again at the time of the arrest, and (3) that he was unable to say at trial that the defendant was the person whom he had previously recognized. Only then would the officer be able to testify that the complainant had pointed out the defendant as one of the robbers.

The Court of Appeals emphasized the requirement of compliance with CPL 60.25 in *People v Bayron* (66 NY2d 77, 81 [1985]) when it stated that, "Central to the admissibility of third-party testimony under CPL 60.25 is the fact that the witness cannot state, 'on the basis of present recollection,' whether or not defendant is the person in question." In *Bayron,* because of fear, the witness refused to identify the defendants who had allegedly robbed him at knifepoint.

*People v Cwikla* (46 NY2d 434 [1979]), relied on by the People, provides no support for the evidence admitted by the trial court. There, the Court of Appeals approved the decision of the trial court in permitting third-party identification testimony where the court itself had determined that the witness did not possess sufficient present recollection to permit an in-court identification. The Court of Appeals stated, "For purposes of permitting testimony of a prior identification pursuant to this statute [CPL 60.25], a determination by a trial court that a witness does not possess sufficient present recollection to permit an in-court identification of the defendant must be accorded the same effect as a statement by the witness that he cannot now identify the defendant." (46 NY2d, *supra,* at 444.) Here, there is no such conclusion by the trial court and no basis for such a conclusion in the record.

Accordingly, we reverse and remand for a new trial. Concur —Kupferman, J. P., Ross, Kassal, Ellerin and Smith, JJ.