■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered December 12, 1985, convicting him of robbery in the first degree (four counts), robbery in the second degree

(two counts) and menacing (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court's decision to permit the complainant to testify in his Navy uniform did not serve to deprive him of a fair trial *(see, People v Lloyd,* 141 AD2d 671).

The defendant's challenge to the court's identification charge is unavailing. A review of the court's entire charge shows that the court properly explained to the jurors the factors to be considered by them in evaluating identification testimony and the jury was clearly instructed that identification must be proven beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273, 279; *People v Hambrick,* 122 AD2d 163, *lv. denied* 69 NY2d 712; *People v Daniels,* 88 AD2d 392). Thus, we find that the isolated portion of the court's charge challenged by the defendant did not deprive him of a fair trial.

The defendant's further challenge to the trial court's decision to permit a police officer to testify that one of the victims had identified him at a pretrial lineup is equally unavailing. In *People v Cwikla* (46 NY2d 434, 444), the Court of Appeals stated: "For purposes of permitting testimony of a prior identification pursuant to this statute [CPL 60.25], a determination by a trial court that a witness does not possess sufficient present recollection to permit an in-court identification of the defendant must be accorded the same effect as a statement by the witness that he cannot now identify the defendant".

Inasmuch as the trial court found that the victim could not identify the defendant at the time of trial, the introduction of third-party identification testimony did not violate CPL 60.25 *(cf., People v Black,* 130 AD2d 353).

We have considered the defendant's remaining contentions including those raised in his *pro se* supplemental brief and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.