■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant.—Judgment of the Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered on December 12, 1984, convicting defendant, following a bench trial, of assault in the first degree and sentencing him to an indeterminate term of imprisonment of from 5 to 15 years, is unanimously reversed on the law and the indictment dismissed.

On August 10, 1983, at approximately 5:00 A.M., the complainant, a mechanical engineering student working part time as a taxi driver, was hailed by defendant and two other males. After the three men got into the back seat of the partitionless vehicle, the complainant adjusted the rearview mirror so as to be able to observe his passengers. According to the complainant, there was sufficient light to see the men, who were sitting only about two feet away from him. The cab thereafter arrived at its destination, and the complainant requested the fare, at which point two of the men exited the car while the third individual, alleged to be defendant herein, pulled out a gun, pressed it against the complainant's stomach and fired. Defendant then put the gun to the complainant's head. The latter, however, grabbed the weapon to prevent defendant from shooting him again, and, following a brief struggle, defendant exited the automobile. The complainant began to drive away when he heard some shots being fired and saw defendant through the rearview mirror, pointing the gun into the air. A short time later, the complainant was able to procure police assistance. He was taken to the hospital, where he underwent emergency surgery.

Defendant was subsequently arrested after the complainant identified him from a photograph. On August 30, 1983, the

complainant picked defendant out of a lineup. Defendant was indicted for attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree. His motions to dismiss the charges on speedy trial grounds and to suppress evidence of the out-of-court identification were denied, and defendant, having waived his right to a jury trial, proceeded to trial before the Bench. In addition to the complainant, who testified as to the incident in question, the People called as witnesses two police officers, Detective Maurice Colbert and Detective George Reich. Detective Colbert stated that he had examined the complainant's vehicle at the station house and had removed a spent bullet embedded in the driver's seat. He had also recovered two live .38 caliber bullets from defendant's right-front pants pocket after the latter's arrest. Detective Reich, a ballistics expert, described the bullet taken from the taxicab as having a deformed lead core consistent with a .38 caliber cartridge. However, most significantly, at the trial the complainant equivocated as to whether the man who had shot him was present in the courtroom and refused to point him out, expressing anxiety for the safety of himself and his family.

Defendant was convicted of assault in the first degree. On appeal, he contends that the trial court improperly declined to strike the testimony of the complainant's prior out-of-court identification where the complainant was unwilling to identify defendant in court, not because of a lack of present recollection but due to fear of retaliation. There is merit to this claim. As this court declared in *People v Black* (130 AD2d 353, 354): "CPL 60.25 is specific as to when a person, other than an eyewitness, may give identification testimony in the courtroom. Before the police officer here could give such testimony, the complainant was required to testify (1) that he had observed the defendant at the time of the robbery, (2) that he had observed him again at the time of the arrest, and (3) that he was unable to say at trial that the defendant was the person whom he had previously recognized. Only then would the officer be able to testify that the complainant had pointed out the defendant as one of the robbers."

In *People v Bayron* (66 NY2d 77, 81), the Court of Appeals explained that "[c]entral to the admissibility of third-party testimony under CPL 60.25 is the fact that the witness cannot state, 'on the basis of present recollection,' whether or not defendant is the person in question. * * * A witness who is able to identify defendant may relate his own prior identification of the same person, thus lending strength to his own in-

court identification, but the added confirmatory testimony of third parties is not permitted (CPL 60.30)". The Court of Appeals proceeded to hold that while "CPL 60.25 has been applied in instances where the eyewitness has been unable to recognize defendant due to lapse of time or change in appearance" *(supra,* at 81), it would not extend the reach of CPL 60.25 to situations in which the failure to make an in-court identification is the result of the witness's fear of retribution. In the view of the Court of Appeals in *People v Bayron (supra,* at 82), "to do so would require us to read out of the statute the unambiguous legislative prerequisite that the witness be unable to make the identification 'on the basis of present recollection' ".

An examination of the trial transcript reveals that the complainant herein never made an in-court identification, and although he at first indicated that the perpetrator was in the courtroom, he subsequently refuted even that minimal concession. Moreover, the complainant's refusal to point out the person who had shot him was clearly not the result of a deficient recollection but of a fear of reprisal against him and his family. Accordingly, the complainant's out-of-court identification should not have been admitted under CPL 60.25. In the absence of any identification testimony, there was insufficient evidence to connect defendant with the crime. Thus, the conviction against him must be vacated and the indictment dismissed. In that regard, the remaining proof—the .38 caliber bullets discovered on defendant's person at the time of his arrest and the location of defendant's residence near the scene of the shooting—is simply inadequate to support the conviction. Concur—Kupferman, J. P., Sullivan, Asch, Milonas and Ellerin, JJ.