■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COLEMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 6, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted of robbery of a chain from the complainant based upon evidence that he drove the chain snatcher to and from the scene of the crime and pointed a gun at the complainant when he attempted to retrieve his chain. "It is well settled that in order to hold an alleged accessory liable for the crime committed by the principal actors, the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principals" (People v Taylor, 141 AD2d 581). Here, the defendant's acts demonstrated that he shared community of purpose with the other perpetrator. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that he was denied a fair trial by reason of the trial court's failure to give an alibi charge has not been preserved for appellate review since the defendant neither requested such a charge nor objected to the jury charge on this basis (CPL 470.05 [2]). Moreover, we decline to reach this issue in the exercise of our interest of justice jurisdiction (CPL 470.15 [6]; see, People v Howard, 153 AD2d 903). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.