OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, by remitting the case to Supreme Court, New York County, for further proceedings on the indictment.
 

 Defendant was convicted of assault in the first degree based upon his alleged shooting of a taxi driver. On appeal, the Appellate Division reversed his conviction concluding that the trial court erred in admitting the complainant’s out-of-court identification of defendant since the complainant failed to make an in-court identification, not because of deficient recollection, but rather out "of a fear of reprisal against him and his family” (144 AD2d 239, 241;
 
 see,
 
 CPL 60.25 [1] [a] [in]). Applying our decision in
 
 People v Bayron
 
 (66 NY2d 77), the Appellate Division concluded that under such circumstances
 
 *858
 
 the complainant’s out-of-court identification should not have been admitted under CPL 60.25.
 

 On appeal to this court, the People argue that the complainant identified the defendant in court and that his out-of-court identification testimony was, therefore, admissible under CPL 60.30. Contrary to the People’s contention, both Supreme Court and the Appellate Division properly concluded that the complainant did not make an in-court identification of the defendant.
 
 *
 
 Since the complainant’s failure to identify the defendant in court was not due to deficient recollection, his out-of-court identification should not have been admitted
 
 (People v Bayron, supra).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa.
 

 Order modified by remitting the case to Supreme Court, New York County, for further proceedings on the indictment and, as so modified, affirmed in a memorandum.
 

 *
 

 Supreme Court apparently operated under the mistaken assumption that complainant’s out-of-court identification was admissible even though the complainant refused to identify the defendant at trial because of fear. This conclusion by Supreme Court, which predated our decision in
 
 People v Bayron
 
 (66 NY2d 77), was incorrect.