■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL INGRAM, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who was convicted of rape and sodomy in the first degree and petit larceny, argues on appeal that the court erred in allowing a police officer's testimony that the victim identified defendant at a lineup. He contends that the People failed to establish that the victim was unable to state on the basis of present recollection whether defendant was her assailant (CPL 60.25). We agree with the trial court that the People met their burden by the victim's testimony, following her description of her assailant, that she did not see her assailant in the courtroom *(see*

*generally, People v Bayron,* 66 NY2d 77, 81; *People v Cwikla,* 46 NY2d 434, 444).

Defendant also contends that his request for counsel at the lineup was improperly denied because, earlier that day, he had been arraigned on an unrelated burglary charge and had been told that an attorney would be assigned to represent him. Defendant failed to meet his burden of showing that counsel had in fact been assigned, and thus, his request for the presence of counsel at the lineup was "insufficient to trigger an official obligation to notify defense counsel of the opportunity to be present at a lineup when no counsel has been otherwise engaged or appointed *(see, People v Johnson* and *People v Laffosse,* 55 NY2d 474, 484-485)" *(People v LaClere,* 76 NY2d 670, 673).

We have examined defendant's remaining arguments on appeal and find none that has merit. (Appeal from judgment of Monroe County Court, Connell, J.—rape, first degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.