■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY RODRIGUEZ, Appellant.—Judgment of the Supreme Court, New York County (Jerome Hornblass, J.), rendered June 12, 1986, convicting defendant, after trial by jury, of robbery in the first and second degrees and sentencing him, as a predicate felon, to concurrent prison terms of from 8 to 16 years and 6 to 12 years, respectively, is unanimously reversed, on the law, and the matter remanded for a new trial.

Complaining witness Steven Brown testified as to a knife-point robbery of him by a man dressed "all in white" acting with two others. The complainant testified he had identified defendant to police on the day of the robbery, but defendant was not, in fact, the man in white who had robbed him. While Brown replied "yes" to a query whether he was concerned about what might happen to him upon conclusion of the case, he said upon recross, that he had no fear regarding an identification of defendant. Brown's wife testified she did not see the "man in white" in the courtroom, although out of the jury's presence, upon inquiry by the court, she said she did not want to answer questions because she was afraid. An admitted accomplice in the robbery, Ellis Wiggins, testified defendant was the "man in white" who robbed Brown at knifepoint.

We find that under these circumstances Criminal Term committed reversible error in admitting testimony of the arresting officer as to a prior identification of defendant by the complainant.

CPL 60.25 (1) (a) (iii) allows a witness to testify as to a prior out-of-court identification of defendant when he is "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question". Under these circumstances, a third party also is permitted to testify to the identification of defendant by the witness on the prior occasion (CPL 60.25). The Court of Appeals has interpreted this statute to set forth "the unambiguous legislative prerequisite that the witness be unable to make the identification 'on the basis of present recollection.' " *(People v Bayron,* 66 NY2d 77, 82.) Although there is some evidence in the record that the complainant and his wife refused to identify defendant because of fear, such a basis for the witness's failure to identify at trial does not allow the invocation of CPL 60.25 and the introduction of "confirmatory third-party testimony to buttress the evidence of a prior identification" *(People v Bayron, supra,* at 82). In any event, the complainant did not state he was "unable" to identify defendant but, rather, affirmatively testified defendant was not the robber. Thus, CPL 60.25 would not apply since the witness *was* able to state "whether or not the defendant is the person in question" on the basis of his present recollection. (CPL 60.25 [1] [a] [iii].)

However, contrary to defendant's contention, there was independent evidence of defendant's participation in the robbery satisfying the corroboration requirements of CPL 60.22. Thus, Wiggins testified that defendant, dressed all in white, stopped Mr. Brown on Henry Street and asked Wiggins, dressed in a burgundy jacket, for his own folding knife which had a brown handle. Thereafter, Wiggins testified defendant led Brown into a hallway, followed by codefendant Gomez, dressed in black, and Wiggins observed the robbery of Brown at knifepoint. Wiggins explained how he, defendant and Gomez then crossed the street. While standing there defendant gave him one of the Valium pills taken from Brown. Mrs. Brown approached and demanded the return of her pills. Wiggins said defendant told her to have her husband come and get them back. After she departed the trio was arrested and a brown-handled knife was recovered from Wiggins and money from defendant.

While, as noted, Brown stated defendant was not the robber, he did testify that he was stopped by a man dressed all in white who then walked over to a black man in a burgundy jacket and was handed an object with a brown handle. Brown then stated that the man in white and another man dressed in black took him into the hallway and threatened him with a

knife taking his money and Mrs. Brown's pills. Mrs. Brown confirmed these facts, stating that she saw a man dressed all in white with a black man in a burgundy jacket and a Hispanic man dressed in black and that she demanded the return of her pills from the man in white. She stated that the man in white directed her to have her husband come and get them back. Officer Creta testified that he found defendant dressed in white, Gomez in black, and Wiggins in a burgundy jacket. He recovered a brown-handled knife from Wiggins, another knife from Gomez and cash from defendant. This evidence, i.e., the testimony of the three witnesses together with the physical evidence, was independent and material evidence, other than that of the accomplice, which reasonably and fairly connected defendant with the commission of the crime *(see, People v Hudson,* 51 NY2d 233, 238, quoting *People v Kress,* 284 NY 452, 460). Concur—Ross, J. P., Carro, Milonas, Rosenberger and Asch, JJ.