■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered December 7, 1988, convicting him of robbery in the first degree (eight counts) and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

An identification procedure violates due process only if it is conducted in such a manner that there is " 'a very substantial likelihood of irreparable misidentification' " *(Neil v Biggers,* 409 US 188, 198, quoting *Simmons v United States,* 390 US 377, 384). In the case at bar, there is no "substantial likelihood" that the complainant misidentified the defendant; therefore, suppression of the identification testimony was properly denied *(see, People v Prochilo,* 41 NY2d 759). We also find that the in-court identification by another eyewitness was properly admitted since the witness knew the defendant prior to the incident *(see, People v Gissendanner,* 48 NY2d 543, 552; *People v Lang,* 122 AD2d 226). Further, the jury instruction pertaining to identification testimony was proper *(see, People v Whalen,* 59 NY2d 273; *People v Floyd,* 150 AD2d 486; *People v Mitchell,* 143 AD2d 421, 422; *cf., People v Daniels,* 88 AD2d 392). We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.