■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CABAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 14, 1986, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

An identification procedure violates due process if under the totality of the circumstances the procedure employed is so " 'impermissibly suggestive as to give rise to a substantial likelihood of * * * misidentification' " (Neil v Biggers, 409 US 188, 196-198; People v Duuvon, 77 NY2d 541; People v Reed, 171 AD2d 707). Although an examination of the photograph of the defendant used in the photographic array, when compared with the seven others comprising the array, reveals discernible differences, including slight difference in size, these differences when considered in light of the totality of the circum-

stances were not sufficient to create a substantial likelihood of misidentification.

Regarding the lineup, "[t]here is no requirement * * * that a defendant * * * be surrounded by people nearly identical in appearance" *(People v Chipp,* 75 NY2d 327, 336, *cert denied* — US —, 111 S Ct 99). Furthermore, under the circumstances, the procedure employed was not unduly suggestive. Accordingly, we reject the defendant's contention that the court erred in denying his motion to suppress the identification testimony.

In any event, in view of the defendant's full confession to his crime, which was admitted at trial without objection and not challenged on appeal, any error in the identification procedure was harmless beyond a reasonable doubt. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.