■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRAHAM, Appellant.—Judgment, Supreme Court, New

York (John A.K. Bradley, J.), rendered January 15, 1991, convicting defendant, after jury trial, of robbery in the third degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of 2½ to 5 years, unanimously affirmed.

Evidence at trial established that the manager of a supermarket observed defendant place two packages of steak under his coat and attempt to leave the store without paying for them. When asked by the manager and assistant manager to return the merchandise, defendant began to push and punch the two men, and attempted to strike them with his umbrella. One package of meat fell to the floor during the ten minute struggle, and the second package was retrieved from defendant's coat after he was subdued with the help of three additional store employees.

The trial court properly admitted testimony that the assistant manager suffered a bruise and swelling on his chest as a result of defendant's actions when asked to return the merchandise, as such testimony was highly relevant to establish the element of force *(see, e.g., People v Ventimiglia,* 52 NY2d 350, 360).

Although defendant was allowed substantial cross-examination of the store employees regarding an incident report apparently prepared by a store security officer, the trial court properly precluded admission of the report itself, as a proper authenticating foundation was not offered through competent testimony regarding its preparation *(see, e.g., People v Wise,* 46 NY2d 321, 326).

As the assistant store manager was unable to identify defendant at trial as the person who fought with him to retain possession of the merchandise, it was entirely proper for the trial court to admit testimony of the arresting officer that defendant, indeed, was the person arrested on the complaint of the assistant store manager *(see,* CPL 60.25; *see also, People v Bayron,* 66 NY2d 77, 79).

We have considered defendant's additional arguments and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.