■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KELLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 4, 1990, convicting him of reckless endangerment in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of the police witnesses on the issue of whether they were wearing police jackets at the time of the incident was not incredible as a matter of law (see, People v Shedrick, 104 AD2d 263, 274, affd 66 NY2d 1015). Issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the

verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's request that the court instruct the jurors that they had to find beyond a reasonable doubt that the defendant knew that the persons who approached and chased him were police officers in order to find him guilty of reckless endangerment or assault in the second degree did not sufficiently alert the court to his contention that the jury should have been instructed regarding the defense of justification. Accordingly, the defendant's claim that the court erred in failing to charge the defense of justification has not been preserved for appellate review *(see, People v Udzinski,* 146 AD2d 245; *People v Coleman,* 157 AD2d 797). The defendant's claim that the court's charge to the jury was unbalanced is also unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the defendant we can find no reasonable view thereof which would support a charge on the justification defense *(see, People v Harris,* 134 AD2d 369, 370; *People v Alston,* 104 AD2d 653, 654).

The defendant was not deprived of a fair trial by reason of the conduct of the prosecutor. Most of the instances of alleged misconduct were unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951, 953; *People v Larsen,* 157 AD2d 672). The instances of misconduct that were preserved as well as those which were not preserved, were not so egregious as to have deprived the defendant of a fair trial *(see, People v Oakley,* 114 AD2d 473).

Under the circumstances of this case we find that the defendant was not deprived of his right to the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 146; *People v Satterfield,* 66 NY2d 796, 799).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.