OPINION OF THE COURT
Smith, J.
Defendant was convicted, after a jury trial, of four counts of sodomy in the first degree (Penal Law § 130.50) and related crimes. The testimony was that on several occasions, the defendant and another man took the complainant, a 14-year-old somewhat retarded youngster, to the basement of a building and sodomized him.
The sole issue on this appeal is whether the prosecutor laid a proper foundation for the introduction of identification testimony through a police officer. CPL 60.25 permits such testimony where a witness testifies that he or she (1) has observed the perpetrator at the time of the crime or some other relevant period, (2) has observed that person on a subsequent occasion under constitutionally permissible circumstances and recognized the person as the one previously seen, and (3) is unable to say "on the basis of present recollec *43 tion” whether the defendant is the same person (CPL 60.25 [1] [a] [iii]; see, People v Bayron, 66 NY2d 77, 81).
In this case, the complainant, before testifying about the details of the crime, was asked several times whether he saw one of the persons who sodomized him in the courtroom. He testified as follows:
"Q. [prosecutor] This guy that you are talking about, do you see that person in this courtroom today?
"A. [complainant] Nope.
"Q. You want to look around?
"A. Nope.
"Q. The whole room?
"A. Nope.
"Q. Do me a favor, you stand up—
"[defense counsel]: Objection.
"the court: Overruled.
"Q. Now, from there, you can look around, you see that person in the court?
"A. Nope.
"Q. Look around.
"[defense counsel]: Objection, asked and answered.
"the court: Please.
"Q. Look all around.
"A. Nope.”
Subsequently, the complainant testified that he had pointed out that person to a police officer during a search of the area where the criminal acts had occurred.
In light of this testimony, at the conclusion of the complainant’s direct testimony, defense counsel asked the court for a ruling on whether the police officer would be allowed to testify to the out-of-court identification. When the court indicated that it would be allowed, the defense attorney argued that the complainant had testified that the perpetrator was not in the courtroom. The following colloquy occurred:
"[defense counsel]: Well, Judge, it’s my position because the complainant didn’t say I don’t remember, he said 'Is that person in the courtroom,’ he said no, then it’s not a matter of recollection, it’s *44 that person is not in the courtroom, the direct answer.
"the court: Counsel, I’m going to let the police officer testify and if you wish, when he gets back on the stand, before we go any further, I will have the witness walk around the courtroom and see if he can identify anyone, if he sees anybody that he recognizes.
"[defense counsel]: No, Judge.
"the court: You don’t? Okay. I notice the type of glasses he’s wearing. I don’t know if he can see that far, or if he didn’t look close enough, or if the District Attorney knows what questions to ask him.”
During redirect examination, the court tested the complainant’s ability to see:
"the court: Okay. Can you see that lady sitting at the table?
"the witness: Yes.
"the court: You see her?
"the witness: Yes.
"the court: You know what she’s wearing?
"the witness: This lady?
"the court: Not this lady, the lady at the table.
"the witness: Yes.
"the court: You can tell what she’s wearing?
"the witness: Yes. Got brown hair, tall, colored white.
"the court: Okay, good.”
The next day, defense counsel moved to have defendant released on his own recognizance during pendency of the trial because "the complainant categorically stated that the person who did these alleged acts to him was not in the courtroom.” The court denied the application, stating that when the witness was asked to make an identification, he "did not even look in the direction of the defendant. He looked to his left, to start with, then said no. * * * Then the District Attorney asked him to look again, and look around. So he looked half of the way, and I observed him closely, and he said no. I’m not sure whether or not he asked him, would you look around the courtroom. He hardly glanced in that direction, and he said, 'Nope.’ ”
*45 The court subsequently permitted the police officer to testify about complainant’s out-of-court identification. After defendant was convicted, he moved to set aside the verdict on the basis of the erroneous admission of the officer’s identification testimony. The court denied the motion, noting that it observed the complainant very carefully and that "[although the question was repeated several times by the district attorney, two of those times the complaining witness did not even look in the direction of the defendant. And when he did look in the direction, he just glanced there. And there could be many reasons for that, counsel, for his answer of 'Nope, nope.’ ”
The proper foundation was not laid for the admission of the police officer’s testimony as to the complainant’s out-of-court identification of the defendant. Although it was their burden to do so, the People did not establish the reason why the complainant could not make an in-court identification.
In order to lay a proper foundation under CPL 60.25 there must be testimony from the witness which establishes a lack of present recollection of the defendant as the perpetrator. The testimony may occur at the trial (People v Black, 130 AD2d 353; People v Jamerson, 117 AD2d 754, affd 68 NY2d 984) or it may occur at a hearing to suppress identification testimony and be the basis of a conclusion by the court not to permit the witness to identify the defendant at trial (People v Cwikla, 46 NY2d 434). The evidence must establish a lack of present recollection as a basis for the lack of identification and not a fear of identifying the defendant (People v Bayron, 66 NY2d 77, supra; People v Johnson, 75 NY2d 856). Here, the identification testimony from the witness was ambiguous and there was no basis for the court to make a finding in accordance with CPL 60.25 that the witness could not identify the defendant on the basis of present recollection.
Moreover, the court did not make a finding that the complainant had no present recollection of the defendant. While the court initially suggested three possibilities — visual impairment, failure to look closely, or inadequate questioning by the prosecutor — after the court’s examination, it commented that the witness did not make an in-court identification because he did not look carefully at defendant. However much deference is given to the trial court’s findings (dissenting opn, at 49), and however broadly we construe the "remedial statute” (dissenting opn, at 46), the People have failed to satisfy the prerequi *46 sites for admission of third-party identification testimony. It is possible, for example, that the complainant could not identify defendant because (1) he was physically or mentally incapable of doing so; (2) he was too frightened to do so (compare, People v Bayron, 66 NY2d 77, supra); or (3) defendant was not the perpetrator.
Under these circumstances, the receipt of the identification testimony of the police officer was error (see, People v Bayron, 66 NY2d 77, supra).
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.