■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK COVER, Also Known as PAUL POWELL, Appellant. [604 NYS2d 192] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 9, 1989, convicting him of assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that the trial court erred by permitting a witness to testify as to his prior identification of the defendant. The People's eyewitness initially testified that he identified Mark Cover as the perpetrator at the scene of the incident. However, when asked to make an in-court identification, the witness stated that the defendant was not the shooter. CPL 60.25 permits a witness to relate his or her own prior identification of the defendant when he or she is "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question" (CPL 60.25 [1] [a] [iii]; *see, People v Quevas,* 81 NY2d 41, 42-43; *People v Johnson,* 75 NY2d 856, 857-858; *People v Bayron,* 66 NY2d 77, 81). Here, the witness did not state that he was unable to identify the defendant because of deficient recollection, but rather, affirmatively testified that the defendant was not the shooter. Under these circumstances, CPL 60.25 does not apply "since the witness *was* able to state 'whether or not the defendant is the person in question' on the basis of his

present recollection (CPL 60.25 [1] [a] [iii])" *(People v Rodriguez,* 169 AD2d 618, 619).

Additionally, we note that the identification in question was not merely confirmatory *(see, People v Wharton,* 74 NY2d 921), nor was there any indication that the witness knew the defendant *(see, People v Rodriguez,* 79 NY2d 445). Therefore, the court erred in summarily denying the defendant's motion to suppress identification testimony without a hearing *(see, People v Lawhorn,* 192 AD2d 359). Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.