■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY LAWHORN, Appellant. [605 NYS2d 252] —Judgment, Supreme Court, Bronx County (John Stackhouse, J., at hearing, trial and sentence), rendered July 15, 1991, convicting defendant, after a jury trial, of robbery in the third degree (Penal Law § 160.05), assault in the second degree (Penal Law § 120.05 [6]), assault in the third degree (Penal Law § 120.00 [1]), and criminal possession of stolen property in the fifth

degree (Penal Law § 165.40), and sentencing him to concurrent terms of imprisonment of from 3½ to 7 years and 2 to 4 years, and 2 definite terms of 1 year each, respectively, unanimously affirmed.

On defendant's appeal from the judgment, he previously argued that the IAS Court erroneously denied his pretrial motion to suppress identification testimony without holding a *Wade* hearing and we agreed. By order entered April 8, 1993, we held defendant's appeal from the judgment in abeyance and remanded the case for a *Wade* hearing *(People v Lawhorn,* 192 AD2d 359). After a *Wade* hearing was conducted on August 5, 1993, Justice Stackhouse denied the motion, finding that the showup identification was not unduly suggestive. Defendant now argues that the People failed to prove at the hearing that the complainant's identification of defendant was not unduly suggestive. The on-the-scene showup identification, which took place within seconds after the commission of the crime, was not rendered unduly suggestive because defendant was seated handcuffed in the back seat of a patrol car next to a police officer who looked at him closely and because an officer may have told the complainant to come outside to "make a positive I.D." *(see, People v Duuvon,* 77 NY2d 541). Concur—Ellerin, J. P., Ross, Kassal and Rubin, JJ.