■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY MCKENZIE, Appellant. [632 NYS2d 67] —Judgment, Supreme Court, New York County (Richard Failla, J., at hearing; Budd Goodman, J., at trial), rendered November 6, 1992, convicting defendant after a jury trial, of four counts of attempted robbery in the first degree and five counts of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 5 to 10 years on two of the first degree attempted robbery counts to run consecutively to concurrent terms of 5 to 10 years on the other two first degree attempted robbery counts and concurrently with concurrent terms of 2 to 4 years on the second degree attempted robbery counts, unanimously affirmed.

We find no basis to disturb the motion court's findings that these prompt on-the-scene investigatory showups were not rendered unduly suggestive because defendant was handcuffed, or unnecessary because of a prior, equivocal, spontaneous identification (*see, People v Duuvon*, 77 NY2d 541, 543; *People v Matthews*, 199 AD2d 59, *lv denied* 82 NY2d 927; *People v Lawhorn*, 199 AD2d 123, *lv denied* 83 NY2d 855). The existence of a prior, spontaneous identification in a "fast-moving, uninterrupted array of activity" should not preclude a second, police-arranged identification if necessary to the "objective that the police have reasonable assurances that they have arrested or detained the right person" (*People v Duuvon, supra*, at 545). Defendant's contentions concerning lighting raised a factual dispute to be resolved by the fact-finder. Since police raised the suspects' hoods at the request of the complainants as an aid to identification, rather than as a police device to prompt an identification, no suggestiveness inhered in this procedure.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.