THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAKWON MATTHEWS, Appellant. [770 NYS2d 625]—

Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered June 28, 2001, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence, and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]). The victim's credible testimony established that this incident was a robbery, and not merely an altercation as contended by defendant.

The People established a proper foundation under CPL 60.25 (1) (a) for the admission of testimony from police officers recounting the victim's out-of-court identification of defendant (see People v Bayron, 66 NY2d 77, 81 [1985]). The victim's inability to make an in-court identification was clearly the result of the lapse of time between the incident and the trial, and defendant's drastic change in his appearance (see People v Mendoza, 293 AD2d 326 [2002], lv denied 98 NY2d 678 [2002]).

The court's response to a note from the deliberating jury was meaningful and appropriately conveyed the applicable legal principles (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296, 301-302 [1982], cert denied 459 US 847 [1982]). The jury's note requested specific information and did not call for a complete reinstruction on the subject of accessorial liability. Concur—Tom, J.P., Andrias, Lerner, Friedman and Marlow, JJ.