(February 23, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ADAMS, Appellant. [810 NYS2d 58]—

Judgment, Supreme Court, New York County (Phillip Grella, J.), rendered February 24, 2004, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Where a witness unexpectedly failed to identify defendant, the court properly exercised its discretion in permitting testimony, following a conference with the prosecutor, which clarified the witness's response (*see People v Branch*, 83 NY2d 663 [1994]). The jury was made aware of the conference, and the preconference testimony remained on the record for the jury's consideration. Further, defendant cross-examined the witness regarding the conference and urged the jury, in summation, to discredit the postconference testimony.

The witness's testimony established a proper foundation under CPL 60.25 (1) (a) for the admission of testimony from police officers recounting his out-of-court identification of defendant (*see People v Bayron*, 66 NY2d 77 [1985]). The witness indicated that his inability to make a positive in-court identification resulted from the change in defendant's appearance during the seven months that passed from the date of the crime. We note that in making its ruling, the court compared defendant's arrest photograph with his appearance in court and confirmed that there had been a significant change in appearance.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA

databank fee, that fee should not have been imposed. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.