THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AIYE ROBINSON, Appellant. [833 NYS2d 653]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered February 3, 2006, convicting him of robbery in the second degree (two counts), robbery in the third degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant failed to preserve for appellate review his contention that the evidence with respect to the convictions of robbery in the second degree and robbery in the third degree was legally insufficient to establish his guilt beyond a reasonable doubt (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree and robbery in the third degree beyond a reasonable doubt.

Photographs depicting the victim of the crime taken shortly after it occurred by a police officer at the precinct were properly admitted into evidence, as they tended to establish a material element of the crimes charged (*see People v Wood,* 79 NY2d 958, 960 [1992]; *People v Stevens,* 76 NY2d 833 [1990]). Moreover, the trial court properly granted the prosecution's application, pursuant to CPL 60.25, to permit police testimony regarding the victim's showup identification of the defendant shortly after the crime occurred. The trial court properly determined that the victim was unable to make an in-court identification of the defendant based on the failure of his present recollection (*see People v Quevas,* 81 NY2d 41, 45 [1993]; *People v Cwikla,* 46 NY2d 434, 444 [1979]; *People v Harden,* 6 AD3d 181, 182 [2004]; *People v Hernandez,* 154 AD2d 197, 200 [1990]). The defendant's contention that police testimony regarding the circumstances of his arrest should not have been admitted into evidence is unpreserved for appellate review, and in any event, is without

merit (*see* CPL 470.05 [2]; *People v Vanier*, 255 AD2d 610 [1998]).

There is no merit to the defendant's claim that he was denied the effective assistance of counsel because trial counsel failed to pursue a defense addressed to whether the defendant intended to commit the crime of robbery. The defense asserted at trial was a reasonable one, and the defendant's claim constitutes a mere disagreement with trial strategy and tactics that failed (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benn*, 68 NY2d 941, 942 [1986]; *People v Lane*, 60 NY2d 748, 750 [1983]).

The defendant's remaining contention is without merit. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.