■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN HARRIS, Also Known as ANNETTE HARRIS, Appellant. [851 NYS2d 366]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 1, 2005, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant, and not another participant in the altercation, caused physical injury to the victim with a dangerous instrument. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review her contention that she was prejudiced by the court's failure to deliver a justification charge (see CPL 470.05 [2]; People v Ford, 78 NY2d 878 [1991]; People v Kelly, 183 AD2d 784, 785 [1992]). In any event, since no reasonable view of the evidence would support a finding that the defendant's actions were justified,

the court was under no obligation to give a justification charge (*see People v Watts,* 57 NY2d 299, 301 [1982]; *cf. People v Petty,* 7 NY3d 277, 284 [2006]; *People v Fermin,* 36 AD3d 934, 935 [2007]). The defendant's contention that she was denied the effective assistance of trial counsel based upon her counsel's failure to request a justification charge is without merit. Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.