■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS HAYES, Appellant. [858 NYS2d 242]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered November 7, 2003, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court correctly declined to provide the jury with a charge regarding the temporary, innocent, and lawful possession of a weapon, as there was no reasonable view of the evidence that the defendant had a legal excuse for possessing the weapon and that the weapon had not been used in a dangerous manner (*see People v Banks*, 76 NY2d 799, 801 [1990]; *People v Snyder*, 73 NY2d 900, 902 [1989]; *People v Williams*, 50 NY2d 1043, 1044-1045 [1980]; *People v Caldarola*, 45 AD3d 600, 600-601 [2007]; *People v Medina*, 237 AD2d 382, 382-383 [1997]).

The defendant was not denied the effective assistance of counsel because trial counsel withdrew the defense request for a justification charge. Considering the record in the light most favorable to the defendant, there was no reasonable view of the evidence supporting such a charge (*see People v Reynoso*, 73 NY2d 816 [1988]; *People v Harris*, 48 AD3d 830 [2008]; *People v Ojar*, 38 AD3d 684, 685 [2007]; *People v Pichardo*, 168 AD2d 577, 578 [1990]; *People v Douglas*, 160 AD2d 1015 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633,

644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are without merit or do not warrant reversal. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.