THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRISTON DOMINICK, Appellant. [862 NYS2d 520]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered February 3, 2006, convicting him of robbery in the second degree (two counts), robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly admitted a recording of the complainant's 911 emergency call under the excited utterance exception to the hearsay rule. The statement qualified as an

excited utterance, as the evidence warranted the conclusion that the complainant was under the influence of the excitement of the incident and lacked the reflective capacity essential for fabrication (*see People v Gantt,* 48 AD3d 59, 63-64 [2007], *lv denied* 10 NY3d 765 [2008]; *People v Hasan,* 17 AD3d 482 [2005]; *cf. People v Johnson,* 1 NY3d 302, 306 [2003]).

The trial court properly admitted, pursuant to CPL 60.25, testimony by a police officer that the complainant positively identified the defendant at a showup on the night of the incident (*see People v Quiles,* 198 AD2d 448 [1993]; *People v Hernandez,* 154 AD2d 197, 200 [1990]; *cf. People v Quevas,* 81 NY2d 41, 45 [1993]).

Further, the trial court properly denied the defendant's request for a justification charge, as no reasonable view of the evidence, viewed in the light most favorable to the defendant, warranted such a charge (*see* Penal Law § 35.10 [1]; *People v Harris,* 48 AD3d 830 [2008]).

Contrary to the defendant's contention, the People were not required to give him notice of an eyewitness's trial identification of his codefendant (*see* CPL 710.30 [1] [b]). Nor is there any merit to the defendant's contention that the trial court erred in admitting into evidence photographs of the complainant taken shortly after the incident, as they tended to establish a material element of the crimes charged (*see People v Robinson,* 39 AD3d 772 [2007]).

Viewing the evidence, law, and facts of the case in their totality and at the time of the representation, the defendant was afforded meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.