People v Hutchinson (2018 NY Slip Op 08326)





People v Hutchinson


2018 NY Slip Op 08326


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2014-07793
 (Ind. No. 938/13)

[*1]The People of the State of New York, respondent,
v
Omar Hutchinson, appellant.


The Legal Aid Society, New York, NY (William B. Carney of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered July 29, 2014, convicting him of kidnapping in the second degree, robbery in the first degree, robbery in the second degree, unlawful imprisonment in the first degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the jury verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to admit into evidence a recording of the complainant's telephone call to the 911 emergency number under the present sense impression exception to the hearsay rule, since the complainant's statements were sufficiently contemporaneous with the events being described (see People v George, 79 AD3d 1148, 1148; People v York, 304 AD2d 681, 681) and were sufficiently corroborated by the evidence adduced at trial (see People v Vasquez, 88 NY2d 561, 575-576; People v Brown, 80 NY2d 729, 734, affd 20 NY3d 75).
We also agree with the Supreme Court's determination to admit into evidence the recording of the call to the 911 emergency number placed by the complainant's wife. The portions of the call in which the complainant's wife relayed information she personally experienced were properly admitted under the excited utterance exception to the hearsay rule, since the recording evidenced that she was under the influence of the excitement of the incident and lacked the reflective capacity essential for fabrication (see People v Cummings, 31 NY3d 204; People v Edwards, 47 NY2d 493, 497; People v Dominick, 53 AD3d 505, 505-506). The portions of the call in which she relayed information provided to her by the complainant were properly admitted to show her state of [*2]mind (see People v Gibian, 76 AD3d 583, 585-586). Although the defendant contends that the court failed to provide a proper limiting instruction with respect to the contents of this recording, any error in this regard was harmless, because there was overwhelming evidence of the defendant's guilt and no significant probability that the alleged error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Flanagan, 132 AD3d 693, 695, affd 28 NY3d 644).
The defendant's challenge to certain comments made by the prosecutor on summation is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The defendant's remaining contention is without merit.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court